ELLEN F. ROSENBLUM
Attorney General
HEATHER J. VAN METER  #983625
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Heather.J.VanMeter@doj.state.or.us

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MATHIEU LACROSSE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WALT BEGLAU, in his official and individual capacities as District Attorney of Marion County, MARION COUNTY DISTRICT ATTORNEY'S OFFICE,<br><br>Defendant. | Case No.  6:18-cv-1181-JR<br><br>DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS |

## **LACK OF SUBJECT MATTER JURISDICTION**

As a preliminary matter, defendant notes that plaintiff concedes he is only seeking prospective injunctive relief against District Attorney Beglau in his official capacity.  Plaintiff's Response, p. 4, ln. 21 and p. 5, ln. 17.  However, Walt Beglau retired on September 30, 2018 and is no longer the Marion County District Attorney.  *See* Attachment 1.  For this reason, this case is now moot because any injunctive relief would have no effect on the former district attorney – the former district attorney has no authority to direct the appearances of prosecution witnesses.

Page 1 -   DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
    HJV/ls8/9196480-v1

*Green v. Mansour*, 474 U.S. 64, 73 (1985) (absent ongoing violation, injunction is not part of the federal court's remedial power). Because this case is moot, this court appears to lack subject matter jurisdiction. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982) (Article III requires a plaintiff show an injury "likely to be redressed by a favorable decision."); *Kolender v. Lawson*, 461 U.S. 352 (1983) (where injunctive relief is sought, plaintiff must adduce a "credible threat" of recurrent injury).

## REPLY

**Motion #1: No Person Has a Constitutionally-Protected Due Process or Equal Protection Right to Be a Prosecution Witness in a Criminal Proceeding**

Plaintiff fails to identify any case recognizing a due process or equal protection right to be a prosecution witness in a criminal proceeding. Plaintiff instead discusses a property interest in his employment with the Marion County Sheriff's Office, where plaintiff remains employed today. Plaintiff's Response, p. 3; see *Heidt v. City of McMinnville*, 2017 WL 2432150 (Simon, J. June 5, 2017) (finding plaintiff failed to prove existence of a constitutionally protected property interest in overtime, training, etc., and not reaching any of District Attorney Berry's asserted defenses). The Marion County District Attorney has no ability to dictate the terms and conditions of plaintiff's employment with the Sheriff's Office, nor does plaintiff point to any evidence to the contrary.[1] Marion County Sheriff's Office is not a party in this case, and it appears plaintiff has sued the wrong entity. For these reasons, defendant is entitled to dismissal with prejudice.

**Motion #2: Defendant is Entitled to Prosecutorial Immunity**

Plaintiff's cited case, *Gobel v. Maricopa County*, does not actually hold that prosecutorial immunity is not available for prospective injunctive relief, nor do any of the cases cited in *Heidt* specifically so hold. It appears to be an open question whether prosecutorial immunity bars suits

---

[1] Defendant notes plaintiff's submission of supplemental documents and evidence, typically not allowed on a Motion to Dismiss. However, even if the Court considers plaintiff's evidence, defendant's motions to dismiss must be granted.

Page 2 -   DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
  HJV/ls8/9196480-v1

for prospective injunctive relief. Absolute judicial immunity cases are of no aid because the Federal Courts Improvement Act of 1996 extended judicial immunity to bar prospective injunctive relief. *Moore v. Urquhart*, 899 F.3d 1094, 1104-05 (9th Cir. 2018). For the practical and policy reasons stated in defendant's motion, if the court reaches this issue, prosecutorial immunity should be extended to injunctive relief in order to allow prosecutors to properly perform their prosecutorial functions. Based on prosecutorial immunity, defendant is entitled to dismissal with prejudice.

**Motion #3: Plaintiff Is Employed by Marion County Sheriff's Office, Which Made All Employment-related Decisions – the District Attorney Caused No Damages to Plaintiff**

As noted above, plaintiff remains employed by the Marion County Sheriff's Office. As noted in defendant's motion, and unrefuted by plaintiff, the District Attorney made no employment-related decisions regarding plaintiff. The District Attorney did not and does not make decisions regarding overtime, training, or other terms and conditions of employment for sheriffs in the Marion County Sheriff's Office. For this reason as well, defendant is entitled to dismissal with prejudice.

**Motion #4: Any Claims Based on Events Prior to July 2016 Are Time-Barred**

Plaintiff concedes that no claims are based on events prior to July 2016, and references to events before this time are for background. For this reason, defendant is entitled to dismissal with prejudice of any pre-July 2016 claims.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

**Motion #5: Plaintiff's Claims Are Barred by Eleventh Amendment Immunity**

As noted above, plaintiff concedes he is only suing now-former District Attorney Beglau for prospective injunctive relief, so this motion is moot.

DATED October  1  , 2018.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

*s/ Heather J. Van Meter*
HEATHER J. VAN METER #983625
Senior Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
Heather.J.VanMeter@doj.state.or.us
Of Attorneys for Defendant

Page 4 -    DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
HJV/ls8/9196480-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Newsroom Detail

Oregon.gov (http://www.oregon.gov/) / Oregon Newsroom (Newsroom.aspx) /
Governor's Office (Agency.aspx?page=0&pageSize=10&agency=GOV) /
Governor Brown Appoints Bradley Cascagnette to Lane County Bench, Paige Clarkson as District Attorney of Marion County



## Governor Brown Appoints Bradley Cascagnette to Lane County Bench, Paige Clarkson as District Attorney of Marion County

September 25, 2018

Salem, OR—Governor Kate Brown announced today that she will appoint Bradley A. Cascagnette to the Lane County Circuit Court and Paige E. Clarkson to be District Attorney of Marion County. Mr. Cascagnette, a criminal defense lawyer, fills a vacancy created by the resignation of Judge Mustafa T. Kasubhai, which was occasioned by his appointment as a Magistrate Judge of the United States District Court. Ms. Clarkson, a career prosecutor who was elected for a term to begin in January, will complete the term of retiring District Attorney Walt Beglau. Mr. Cascagnette's appointment is effective immediately; Ms. Clarkson's appointment is effective October 1.

"While Brad Cascagnette and Paige Clarkson come from opposing sides of our criminal justice system, these bright lights of the legal profession have demonstrated a commitment to the fair administration of justice," Governor Brown said. "These two individuals are the right people for these jobs; the people of Lane and Marion Counties are fortunate to have these two public servants."

Mr. Cascagnette is a partner at the law firm Gardner, Potter, Budge, Spickard & Cascagnette, LLC, where he has represented indigent defendants since 2003. He is also administrator of the Lane County Defense Consortium, a role in which he oversees and coordinates 13 criminal defense lawyers. Mr. Cascagnette received a bachelor's degree from Albion College and a law degree from the University of Oregon Law School. He is a volunteer ski patroller for National Ski Patrol and a mentor to young lawyers through the Oregon State Bar.

Ms. Clarkson has worked as a prosecutor at the Marion County District Attorney's Office for her entire legal career. She ran unopposed in the May election to replace retiring District Attorney Walt Beglau for a term to begin in January. Mr. Beglau has decided to leave office early, at the end of September. Ms. Clarkson is a member of Governor Brown's Alcohol and Drug Policy Commission and is an instructor at the Department of Public Safety Standards and Training. She received a bachelor's degree from University of California Santa Barbara and a law degree from Willamette University College of Law.

Chris Pair
503-378-8197
chris.pair@oregon.gov
(mailto:chris.pair@oregon.gov)

Kate Kondayen
503-378-6496
kate.kondayen@oregon.gov
(mailto:kate.kondayen@oregon.gov)

Nikki Fisher
503-689-2509
nikki.fisher@oregon.gov
(mailto:nikki.fisher@oregon.gov)

Categories:
Courts

Attachments