ELLEN F. ROSENBLUM
Attorney General
HEATHER J. VAN METER  #983625
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Heather.J.VanMeter@doj.state.or.us

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MATHIEU LACROSSE, an individual, | Case No.  6:18-cv-1181-MK |
| Plaintiff, | DEFENDANT'S MOTIONS TO DISMISS |
| v. | Oral Argument Requested |
| PAIGE CLARKSON, in her official and individual capacities as District Attorney of Marion County, MARION COUNTY DISTRICT ATTORNEY'S OFFICE, | |
| Defendant. | |

## CONFERRAL CERTIFICATION

The undersigned counsel certifies that she conferred with plaintiff's counsel by telephone in August and November regarding the issues presented in these motions, but the parties were unable to resolve the issues in dispute.

## MOTIONS TO DISMISS

Pursuant to Fed. R. Civ. P. 12, District Attorney Clarkson moves this court for an order dismissing plaintiff's claims and case in its entirety based on: (1) failure to state claims for procedural or substantive due process or equal protection violations because no person has a

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

constitutionally-protected right to be a prosecution witness in a criminal proceeding; (2) prosecutorial immunity and quasi-judicial immunity; (3) failure to state claims for damages or remedies because plaintiff is employed by Marion County Sheriff's Office, which made all employment-related decisions; (4) to the extent any claims are based on events prior to July 2016 they are time-barred; (5) Marion County District Attorney's Office is not a proper defendant because 42 U.S.C. § 1983 requires defendant to be a "person"; and (6) Eleventh Amendment immunity for Marion County District Attorney's Office and District Attorney Clarkson because they are sued in federal court without consent or waiver (including District Attorney Clarkson to the extent sued in her official capacity).

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim under FRCP 12(b)(6) may be granted when there either is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). When reviewing a motion to dismiss, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir. 2005). However, plaintiff must satisfy Rule 8(a), requiring a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.8 (a)(2). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

*Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216 (discussing FRCP 8(a)).

## POINTS AND AUTHORITIES

### A.  Plaintiff's Original Complaint Allegations

Plaintiff is employed by the Marion County Sheriff's Office ("MCSO").  Complaint ¶¶ 5, 8, 10, 12. Plaintiff's complaint allegations relating to the Marion County District Attorney's Office date back to 2011.  Complaint ¶ 14.  Plaintiff admits that in the Bartol homicide investigation, he incorrectly labeled a report "13-22099 SUPP MEL-1" when it related to electronic evidence labeled MEL-1 C (Complaint ¶¶ 17-18), then failed to submit the electronic evidence to the MCSO evidence department (Complaint ¶ 18), then prepared a supplemental report 12 months later but containing two dates on the chain of custody report (Complaint ¶ 20). All of these problems became the subject of an evidentiary hearing in the homicide criminal prosecution (Complaint ¶ 22), in which plaintiff falsely "said he printed and submitted reports within a number of weeks after the incident for review" even though the two reports were actually a year apart.  Complaint ¶ 22.  The Marion County District Attorney's Office became concerned regarding false testimony or perjury (Complaint ¶ 24), two criminal investigations resulted from plaintiff's actions (Complaint ¶¶ 26, 31), and the investigating police department (Keizer Police Department) concluded plaintiff failed to submit MEL-1 C into evidence contrary to what his report stated, but no criminal charges resulted from his failure (Complaint ¶¶ 31, 33). Following these significant problems in a homicide case, the Marion County District Attorney's Office determined it could not call plaintiff as a witness in future criminal prosecution cases (Complaint ¶ 36).

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## B. Plaintiff's Original Complaint Allegations

Plaintiff's Second Amended Complaint now sues new District Attorney Paige Clarkson, and appears to name the Marion County District Attorney's Office separately. Second Complaint, paras. 1, 6. Plaintiff's claims are based on 42 U.S.C. § 1983 and the Fourteenth Amendment, specifically Procedural Due Process, Substantive Due Process and Equal Protection. It appears plaintiff originally contemplated suing Marion County and the MCSO, either instead of or along with Marion County District Attorney Clarkson (see Complaint ¶ 44). District Attorney Clarkson is the sole defendant, sued in her individual and official capacities. The entire crux of plaintiff's case is that he wants to "testify for the prosecution" and claims Constitutional rights to Procedural Due Process, Substantive Due Process and Equal Protection allow him to do so. Plaintiff is wrong.

## C. <u>Motion #1</u>: No Person Has a Constitutionally-Protected Due Process or Equal Protection Right to Be a Prosecution Witness in a Criminal Proceeding.

Procedural due process rights, in the civil context, guarantee that certain governmental actions affecting life, liberty or property, such as land takings or welfare benefits, are accompanied by notice and an opportunity to be heard. See *Goldberg v. Kelly*, 397 U.S. 254 (1970); *Federal Home Loan Mortgage Corp. v. SFR Investment Pool 1, LLC*, 893 F.3d 1136, 1147 (9th Cir. 2018)(procedural due process claim has two elements: (1) deprivation of a constitutionally protected liberty or property interest, and (2) denial of adequate procedural protections). Substantive due process rights are limited but generally guarantee certain fundamental rights are not improperly infringed, such as the right to control the education of one's children. See *Pierce v. Society of Sisters*, 268 U.S. 510 (1925); *McLean v. Pine Eagle School Dist. No. 61*, 194 F. Supp. 3D 1102, 1114-15 (D. Or. (Simon, J.) July 1, 2016) (to establish a substantive due process claim a plaintiff must show a government deprivation of life, liberty or property through government behavior that shocks the conscience in a constitutional sense). Equal protection also is limited but generally guarantees equal protection under the law,

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

especially with respect to racial segregation.  See *Parents Involved in Community Schools v. Seattle School District*. No. 1, 551 U.S. 701 (2007); *Short v. Brown*, 893 F.3d 671, 678-79 (9th Cir. 2018)(equal protection clause bars states from burdening a fundamental right of some citizens but not others).

Specifically relating to this case, there is no known U.S. Supreme Court or Ninth Circuit Court of Appeals case holding that any person has a constitutionally-protected procedural or substantive due process right, or equal protection right, to be a prosecution witness in a criminal proceeding.  For this reason alone, District Attorney Clarkson is entitled to dismissal with prejudice on all of plaintiff's claims.

Rather, as discussed below, prosecutors are afforded wide and broad discretion in making prosecutorial decisions, including what witnesses it will call in criminal prosecution proceedings. Prosecutors also are afforded wide and broad immunity for making these decisions.

**D.  <u>Motion #2</u>:  Defendant is Entitled to Prosecutorial Immunity and Quasi-Judicial Immunity.**

Federal law affords prosecutors absolute immunity for prosecutorial acts, including in cases involving 42 U.S.C. §1983 claims for damages.  *Imbler v. Pachtman*, 424 U.S. 409 (1976). Prosecutorial immunity is based on the same considerations underlying judicial and juror immunities, including concerns of harassment by unfounded litigation, second-guessing, detraction from official duties, and becoming a target for resentment or retaliation.  *Id*. at 423-25. As eloquently stated by the California Court of Appeals:

> "The office of public prosecutor is one which must be administered with courage and independence. Yet how can this be if the prosecutor is made subject to suit by those whom he accuses and fails to convict? To allow this would open the way for unlimited harassment and embarrassment of the most conscientious officials by those who would profit thereby. . . The apprehension of such consequences would tend toward great uneasiness and toward weakening the fearless and impartial policy which should characterize the administration of this office. The work of the prosecutor would thus be impeded, and we would have moved away from the desired objective of stricter and fairer law enforcement… there is no middle ground to be occupied in the matter; either all suits are to be tolerated or none."

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

*Pearson v. Reed*, 44 P.2d 592, 597 (Cal. App. 2nd Dist. 1935) (discussing common law absolute prosecutorial immunity).  Perfection in all things being unattainable, prosecutor error is implicit in absolute prosecutorial immunity.  "The concept of immunity assumes this [risk of error] and goes on to assume that it is better to risk some error and possible injury from such error than not to decide or act at all."  *Scheuer v. Rhodes*, 416 U.S. 232, 242 (1974).

In *Broam v. Bogan*, 320 F.3d 1023, 1029 (9th Cir. 2003), the Ninth Circuit reviewed the types of activities entitled to absolute prosecutorial immunity, identifying the following examples of immune activity:

- Initiation of a prosecution and presentation of the State's case (citing *Imbler*, 424 U.S. 409 at 431, and *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001));

- Professional evaluation of a witness "even if that judgment is harsh, unfair or clouded by personal animus" (citing *Roe v. City and County of San Francisco*, 109 F.3d 578, 583-84 (9th Cir. 1997));

- Professional evaluation of evidence assembled by the police (citing *Roe,* 109 F.3d at 584);

- Knowing use of false testimony at trial (citing *Imbler*, 424 U.S. at 431);

- Failure to turn over exculpatory evidence before trial (citing *Imbler*, 424 U.S. at 431-32 n.34).

In addition to the above activities discussed in *Broam*, other cases have recognized the following activities are protected by absolute prosecutorial immunity:

- Acting as an advocate for the State in grand jury proceedings (*Herb Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 643 (9th Cir.), *cert. den.*, 528 U.S. 870 (1999));

- Malicious prosecution (*Imbler*, 424 U.S. at 416);

- Participating in a probable cause hearing leading to the issuance of a warrant (*Burns v. Reed*, 500 U.S. 478, 492 (1991));

- Securing a grand jury indictment and preparing a criminal complaint *(Milstein v. Cooley*, 257 F.3d 1004, 1012 (9th Cir. 2001));

- Preparing for the initiation of judicial proceedings or for trial, which occur in the course of the prosecutor's role as an advocate for the State *(Kalina v. Fletcher*, 522 U.S. 118, 126 (1997) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993));

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

☐    Investigative functions carried out in the preparation of a prosecutor's case *(Freeman v. Hittle,* 708 F.2d 442, 443 (9th Cir. 1983) (per curiam);

☐    Telling witnesses how to testify, including lying (*Cousin v. Small*, 325 F.3d 627, 633-635 (5th Cir. 2003));

☐    Post-trial actions by the prosecutor, including post-conviction motions and obtaining exculpatory evidence post-conviction (*Carter v. Burch*, 34 F.3d 257, 263 (4th Cir.1994); *Warney v. Monroe County*, 587 F.3d 113 (2d Cir. 2009)).

The foregoing summary of prosecutor actions granted absolute immunity is not exhaustive, but suffices here to convey the breadth of the immunity.

This case is quite similar to *Heidt v. City of McMinnville*, in which Judge Simon ultimately dismissed plaintiff's claims against all defendants after alleged employment-related consequences for being considered compromised as a witness by the District Attorney. U.S. District Court of Oregon Case No. 3:15-cv-00989-SI, 2016 WL 7007501, 2017 WL 2432150 (Nov. 29, 2016 and June 5, 2017). To the extent she had personal involvement, District Attorney Clarkson's decisions who to call as witnesses in criminal proceedings clearly fall within the prosecutor's role and are entitled to absolute immunity, therefore District Attorney Clarkson is entitled to dismissal with prejudice on all of plaintiff's claims.

## E. **Motion #3**: Plaintiff is Employed by Marion County Sheriff's Office, Which Made All Employment-related Decisions – the District Attorney Caused No Damages to Plaintiff

As noted in Section A above, plaintiff readily admits that he was and is still an employee of the MCSO. Yet, plaintiff's alleged damages relate to lost overtime, lost types of sheriff duties, lost training, and related injuries or damages -- all decisions of MCSO as plaintiff's employer and not District Attorney Clarkson. As in the *Heidt* case, supra, plaintiff fails to state claims against the District Attorney upon which relief can be granted because the District Attorney is not his employer and has made no employment-related decisions regarding plaintiff. For this reason as well, District Attorney Clarkson is entitled to dismissal with prejudice.

HJV/lnt /9354531-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

**F.  <u>Motion #4</u>:  To the Extent Any Claims are Based on Events Prior to July 2016, the Claims Are Time-Barred.**

As noted in Section A above, plaintiff's original complaint allegations include events dating back to 2011.  However, a two-year statute of limitations applies to plaintiff's claims.

42 U.S.C. § 1983 contains no specific statute of limitations.  The United States Supreme Court has ruled that state general personal injury statutes are borrowed for §1983 claims. *Wallace v. Kato,* 549 U.S. 384, 387 (2007).  For this reason, in Oregon, §1983 claims are governed by the two year statute of limitations in ORS 12.110(1).  *Davis v. Harvey,* 789 F.2d 1332, 133 (9th Cir. 1986); *Douglas v. Noelle,* 567 F. 3d 1103, 1109 (9th Cir. 2009).  In other words, a two-year statute of limitations applies to plaintiff's claims.  Furthermore, actions based on §1983 accrue, according to federal law, when the plaintiff knows or has reason to know of the injury which is the basis of the action.  *Lukovsky v. City and Cnty. of San Francisco,* 535 F.3d 1044, 1048 (9th Cir. 2008) (holding there is no "discovery rule" for federal civil rights claims); *Wallace v. Kato,* 549 U.S. 384, 388 (2007) (state general personal injury statutes of limitations are borrowed for section 1983 claims).  In other words, the statute of limitations begins to accrue when the plaintiff "can file suit and obtain relief."  *Lukovsky*, 535 F.3d at 1048.

It is unclear if plaintiff's complaint allegations dating back to 2011 are for background purposes or form a basis for plaintiff's claims.  To the extent the allegations dating back before July 2016 for the basis for plaintiff's claims, they are time-barred and District Attorney Clarkson is entitled to dismissal with prejudice.

**G.  <u>Motion #5</u>:  Marion County District Attorney's Office is not a proper defendant because 42 U.S.C. § 1983 requires defendant to be a "person".**

Although unclear from plaintiff's complaint, District Attorney Clarkson is sued in both her individual and official capacities.  Pursuant to 42 U.S.C. §1983, District Attorney Clarkson, as a state official, cannot be sued except in her personal capacity to the extent she had personal involvement in the events at issue.  Pursuant to the Eleventh Amendment and *Ex Parte Young*,

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

209 U.S. 123 (1908), as a state official, District Attorney Clarkson can only be sued in her official capacity in federal court for prospective injunctive relief.

42 U.S.C. § 1983 allows for suits against individual persons acting in their personal capacities under color of state law, if they had personal involvement in the alleged deprivation of civil rights.  Under 42 U.S.C. § 1983:

> Every ***person*** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress * * * .

42 U.S.C. § 1983 (emphasis added).  It is well established that the definition of "person" for purposes of Section 1983 claims does not include states or state official's offices.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that states may not be sued under Section 1983); *Ex parte Young*, 209 U.S. 123 (1908) (requiring individuals be sued in their individual capacities if damages are sought).

Moreover, to state a claim under §1983, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  To the extent plaintiff attempts to proceed under a respondeat superior theory, it is well established that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citation omitted). And "[b]ecause vicarious liability is inapplicable to * * * § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*. (emphasis added).  Plaintiff's claims violate 42 U.S.C. §1983 and must be dismissed.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

**H.  <u>Motion #6</u>:  Eleventh Amendment immunity for Marion County District Attorney's Office and District Attorney Clarkson because they are sued in Federal Court without consent or waiver (including District Attorney Clarkson to the extent sued in her official capacity.**

The Marion County District Attorney's Office and District Attorney Clarkson (in her official capacity) are entitled to Eleventh Amendment immunity because they were sued without any waiver or consent in federal court.

The Eleventh Amendment was adopted and ratified in 1795 as a direct limitation on the federal government, keeping the federal government from infringing on state rights.[1]  The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. Stated another way, the Eleventh Amendment provides states with immunity from suit in federal court, and bars citizens from bringing suit in federal court against a state or state agency or state actor, unless that immunity is unequivocally waived by the state or abrogated by Congress. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("an unconsenting State is immune from suits brought in federal courts by her own citizens"). The nature of the relief sought does not affect Eleventh Amendment immunity. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); Rounds v. Oregon State Bd. of Higher Ed., 166 F.3d 1032, 1036 (9th Cir. 1999).

The Supreme Court has long held that the Eleventh Amendment bars a citizen from bringing a suit against his own state in federal court. *Hans v. Louisiana*, 134 U.S. 1 (1890). Plaintiff is a citizen of Oregon (Amended Complaint, ¶2), therefore, unless his claims fall into one of two limited exceptions to the Eleventh Amendment bar, his case must be dismissed.

---

[1] The Eleventh Amendment was ratified in 1795, following outrage over the U.S. Supreme Court's decision in *Chisholm v. Georgia*, 2 U.S. (Dall.) 419 (1793) (correctly holding that Article III, Section 2 of the U.S. Constitution grants the Supreme Court original non-exclusive jurisdiction over suits involving a state and citizens of other states). The Eleventh Amendment abrogated the result in Chisholm and promoted the principle of state sovereign immunity and state's rights, a monumentally important issue at the time of our nation's founding and today.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

There are two "well-established" exceptions to the Eleventh Amendment protection from suit: (1) Congress can abrogate the Eleventh Amendment without the consent of the states in certain instances; or (2) a state may waive its immunity by consenting to suit in federal court. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985). Congress has not abrogated the state's Eleventh Amendment immunity for the types of claims stated in plaintiff's Amended Complaint. Accordingly, plaintiff's claims cannot go forward against District Attorney Clarkson unless it has expressly consented to suit in this Court.  A state only waives its sovereign immunity by expressly consenting to be sued in a particular action. *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) ("we will find waiver only where stated by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction"). In this case, the State has not waived, but hereby expressly preserves, its sovereign immunity regarding plaintiff's claims.

Plaintiff's claims against the Marion County District Attorney's Office and District Attorney Clarkson (in her official capacity) violate the Eleventh Amendment and must be dismissed.

## CONCLUSION

For the foregoing reasons, District Attorney Clarkson's motions must be granted and plaintiff's claims dismissed with prejudice.

DATED December <u>28</u>, 2018.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

<u>s/  Heather J. Van Meter</u>
HEATHER J. VAN METER #983625
Senior Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
Heather.J.VanMeter@doj.state.or.us
Of Attorneys for Defendants

Page 11 -  DEFENDANT'S MOTIONS TO DISMISS
HJV/lnt /9354531-v1