ELLEN F. ROSENBLUM
Attorney General
HEATHER J. VAN METER  #983625
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Heather.J.VanMeter@doj.state.or.us

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MATHIEU LACROSSE, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>PAIGE CLARKSON, in her official and individual capacities as District Attorney of Marion County, MARION COUNTY DISTRICT ATTORNEY'S OFFICE,<br><br>        Defendant. | Case No.  6:18-cv-1181-MK<br><br>DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS TO DISMISS |

       In 1963, the U.S. Supreme Court held in *Brady v. Maryland* that withholding exculpatory information (for Brady, a confession by another person) violates the Fourteenth Amendment Due Process requirements.  373 U.S. 83 (1963).   Plaintiff's argument that a district attorney's efforts to comply with the Supreme Court's holding in *Brady*, is an "arbitrary" exercise is patently without merit.   Plaintiff should know, because he still works for the Marion County Sheriff's Office, that *Brady* is akin to *Miranda* in its importance to our criminal justice system.  Regardless, plaintiff's suggestion that a district attorney should violate the Supreme

Page 1 -   DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS
        TO DISMISS
        HJV/lnt/9422174-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Court's requirements in *Brady* so that perhaps his employer will give him more overtime or put him on a SWAT team is -- without merit to say the least.

**Motion #1: No Person Has a Constitutionally-Protected Due Process or Equal Protection Right to Be a Prosecution Witness in a Criminal Proceeding.**

"Plaintiff concedes that he could locate no cases finding that specific right," i.e. a constitutionally protected right to be a witness for the prosecution. Plaintiff's Response, p. 4. Plaintiff instead argues he has a "right to earn a livelihood," however, plaintiff admits he is still working for the Marion County Sheriff's Office. Plaintiff's citation to support this proposition is *Powell v. Pennsylvania*, in which the Supreme Court merely held that a state's regulation of margarine sales is a proper use of state police power for health and welfare and does not violate the Fourteenth Amendment. 127 U.S. 678 (1888).

As noted above, plaintiff also argues that the mere "arbitrary will of the official" cannot impede a person's carrying out his business, citing *Yick Wo v. Hopkins*, 118 U.S. 356 (1886) (striking down a regulation giving the San Francisco Commissioners unfettered discretion to determine who could operate businesses and where, in reliance upon which the Commissioners closed every single Chinese-owned laundry but only one "Caucasian-owned" laundry). A district attorney's compliance with *Brady* can hardly be considered arbitrary will. Somewhat ironically, plaintiff cites the Fourteenth Amendment, which is also the basis for the Supreme Court's holding in *Brady*. Plaintiff also inexplicably cites *Barbier v. Connelly*, in which the Supreme Court upheld the San Francisco Commissioners' power to close laundry facilities from 22:00 to 06:00. Plaintiff's Response, p. 5.

Plaintiff has no case supporting any aspect of any of his claims for relief. For these reasons alone, defendants are entitled to dismissal with prejudice on all of plaintiff's claims. The district attorney's efforts to comply with the U.S. Supreme Court holding in *Brady* is simply not a basis for any claim and if anything should be encouraged, not punished.

Page 2 -   DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS
            TO DISMISS
       HJV/lnt/9422174-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

**Motion #2: Defendant is Entitled to Prosecutorial Immunity and Quasi-Judicial Immunity.**

Plaintiff argues prosecutorial immunity is not unlimited, citing as one example a prosecutor's "failure to turn over exculpatory evidence" – which is ironic since plaintiff is in this case complaining of the district attorney's efforts to comply with *Brady* and turn over potentially exculpatory evidence relating to plaintiff. In this case, there can be no dispute that a district attorney's decision in a case – specifically a case involving plaintiff as the investigating officer -- that potentially exculpatory evidence relating to plaintiff (i.e. *Brady* material) must be disclosed is well within a prosecutor's discretion and entitled to prosecutorial immunity. Plaintiff's own Response brief, p. 6, concedes that prosecutors are entitled to immunity for "initiating prosecution, evaluation of witnesses, evaluation of evidence...," and the district attorney has evaluated plaintiff as a witness and made decisions regarding evidence, specifically Brady material, that must be disclosed in a case if plaintiff is the investigating officer. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 273-74 (1993). Based on plaintiff's own admissions, the district attorney is entitled to prosecutorial immunity.

Plaintiff takes no steps whatsoever to distinguish this court's decision in *Heidt v. City of McMinnville*, in which Judge Simon ultimately dismissed plaintiff's claims against all defendants after alleged employment-related consequences for being considered compromised as a witness by the District Attorney. U.S. District Court of Oregon Case No. 3:15-cv-00989-SI, 2016 WL 7007501, 2017 WL 2432150 (Nov. 29, 2016 and June 5, 2017).

To the extent she had personal involvement, District Attorney Clarkson's decisions to disclose *Brady* material in cases involving plaintiff as the investigating officer, and generally who to call as witnesses in criminal proceedings, clearly fall within the prosecutor's role and are entitled to absolute immunity, therefore District Attorney Clarkson is entitled to dismissal with prejudice on all of plaintiff's claims.

Page 3 -   DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS TO DISMISS
HJV/lnt/9422174-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

**Motion #3: Plaintiff is Employed by Marion County Sheriff's Office, Which Made All Employment-related Decisions – the District Attorney Caused No Damages to Plaintiff**

In his response, plaintiff appears to seek an order from this court "removing him from the *Brady* list," i.e. ordering the district attorney to not comply with her obligations as a prosecutor under the Supreme Court's ruling in *Brady*. No such order should be or could be given – it would violate a U.S. Supreme Court ruling. For this reason as well, District Attorney Clarkson is entitled to dismissal with prejudice.

**Motion #4: To the Extent Any Claims are Based on Events Prior to July 2016, the Claims Are Time-Barred.**

Plaintiff appears to concede that any events dating before July 2016 are time-barred and not part of the basis for plaintiff's claims. District Attorney Clarkson is thus entitled to dismissal with prejudice to this effect.

**Motion #5: Marion County District Attorney's Office is not a proper defendant because 42 U.S.C. § 1983 requires defendant to be a "person."**

There appears to be no dispute that the definition of "person" for purposes of Section 1983 claims does not include states, state officers or state official's offices. Similarly, plaintiff does not appear to contest that, pursuant to 42 U.S.C. §1983, District Attorney Clarkson, as a state official, cannot be sued except in her personal capacity to the extent she had personal involvement in the events at issue. Plaintiff also does not appear to contest that, pursuant to the Eleventh Amendment and *Ex Parte Young*, 209 U.S. 123 (1908), as a state official, District Attorney Clarkson can only be sued in her official capacity in federal court for prospective injunctive relief.

Plaintiff instead attempts to argue that the Marion County District Attorney's Office is a county entity, and appears to characterize his claims as *Monell* claims against the county, although plaintiff's complaint contains no such allegations or claims. District attorneys are state officials for prosecution purposes. Or. Const. Art. VII (orig.), §17; Or. Rev. Stat. §180.060. Furthermore, plaintiff's complaint fails to allege or identify any "county policy" that

Page 4 - DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS TO DISMISS
HJV/lnt/9422174-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

is at issue, and to the extent any "county policy" is at issue the proper defendant is Marion County not the Marion County District Attorney's Office. In this case, the crux of plaintiff's complaint is the district attorney complying with *Brady* obligations from the U.S. Supreme Court and disclosure of *Brady* material in prosecution cases – a task directly connected with the district attorney's state prosecutorial functions and not a county function.

For these reasons as well, plaintiff's claims must be dismissed.

**Motion #6**: **Eleventh Amendment immunity for Marion County District Attorney's Office and District Attorney Clarkson because they are sued in Federal Court without consent or waiver (including District Attorney Clarkson to the extent sued in her official capacity.**

There appears to be no dispute that District Attorney Clarkson (in her official capacity) is entitled to Eleventh Amendment immunity because she was sued without any waiver or consent in federal court. The only argument plaintiff raises is that whether the "Marion County District Attorney's Office" is a county or state body. On this argument, see defendants' response to Motion #5 above. For the reasons stated, plaintiff's claims against the Marion County District Attorney's Office and District Attorney Clarkson (in her official capacity) violate the Eleventh Amendment and must be dismissed.

## CONCLUSION

For all the foregoing reasons, defendants' motions must be granted and all of plaintiff's claims dismissed with prejudice.

DATED February  8 , 2019.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

*s/ Heather J. Van Meter*
HEATHER J. VAN METER #983625
Senior Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
Heather.J.VanMeter@doj.state.or.us
Of Attorneys for Defendant

Page 5 -   DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS TO DISMISS
HJV/lnt/9422174-v1